UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EKERE INYANGETTE,

    *Plaintiff*,

v.

MURIEL BOWSER,

    *Defendant*.

Civil Action No. 25 - 1776 (LLA)

**MEMORANDUM OPINION**

Plaintiff Ekere Inyangette, proceeding pro se, brings this action against District of Columbia Mayor Muriel Bowser, alleging that the District—which Mayor Bowser oversees—violated 42 U.S.C. § 1983, the Fifth Amendment, and the Fourteenth Amendment when it revoked his driver's license. ECF No. 1, at 3, 7.[1]  Mayor Bowser has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 5.  For the reasons explained below, the court will dismiss the complaint.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following factual allegations drawn from Mr. Inyangette's complaint, ECF No. 1, are accepted as true for the purpose of evaluating the motion before the court, *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1250 (D.C. Cir. 2005).  The court further takes judicial notice of public records of other proceedings, *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007), and of facts that "can be accurately and readily determined from

---

[1] The citations to ECF Nos. 1 and 1-2 refer to the ECF-generated page numbers at the top of each page rather than any internal pagination.

sources whose accuracy cannot reasonably be questioned," *Detroit Int'l Bridge Co. v. Government of Canada*, 133 F. Supp. 3d 70, 84 (D.D.C. 2015) (quoting Fed. R. Evid. 201(b)(2)).

In February 2024, Mr. Inyangette was arrested for and charged with driving under the influence and related offenses in Harford County, Maryland. ECF No. 1, at 7-8; ECF No. 1-2, at 1-2. Because he refused to submit to chemical testing, the Maryland Department of Transportation issued him an administrative conviction, which was forwarded to the District of Columbia, his home jurisdiction. Mot. to Dismiss Ex. 2, *Inyangette v. Dep't of Motor Vehicles D.C.*, No. 24-CV-2584 (D.D.C. Dec. 20, 2024) ("*Inyangette I*"), ECF No. 7-2; Mot. to Dismiss Ex. 1, *Inyangette I*, No. 24-CV-2584 (D.D.C. Dec. 20, 2024), ECF No. 7-1.[2] In May, the D.C. Department of Motor Vehicles ("DMV") informed Mr. Inyangette that because his "driver license was administratively revoked by . . . another jurisdiction's administrative agency that oversees driver licenses as a result of [his refusal to submit to chemical testing]," he was "required to enroll in the DC Ignition Interlock Device (IID) Program" pursuant to D.C. Code § 50-2201.05a. Mot. to Dismiss Ex. 2, *Inyangette I*, No. 24-CV-2584 (D.D.C. Dec. 20, 2024), ECF No. 7-2, at 2. The notice contained instructions for enrolling in the Ignition Interlock Device Program and warned Mr. Inyangette that his driver's license would be revoked and his vehicle registration would be suspended if he did not enroll in the program within thirty days. *Id.*

---

[2] *See* Am. Ass'n of Motor Vehicle Adm'rs, AAMVA Code Dictionary Manual 5.2.5, at 31, https://perma.cc/MYB8-WGNC (describing an A12 violation as a "refus[al] to submit to test for alcohol"). The court takes judicial notice of the two exhibits accompanying the motion to dismiss in Mr. Inyangette's related case against the D.C. Department of Motor Vehicles and District of Columbia. *See* Mot. to Dismiss, *Inyangette I*, No. 24-CV-2584 (D.D.C. Dec. 20, 2024), ECF Nos. 7, 7-1, 7-2. The exhibits are official documents from the District and Maryland relating to Mr. Inyangette's arrest and license revocation; accordingly, they state facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," *Detroit Int'l Bridge Co.*, 133 F. Supp. 3d at 84 (quoting Fed. R. Evid. 201(b)(2)).

In June, Mr. Inyangette went to trial on the criminal charges against him in Maryland state court and was found not guilty. ECF No. 1-2, at 1-2. After the trial, he provided a copy of the verdict to the D.C. DMV, but the DMV did not reinstate his license. ECF No. 1, at 7.

Mr. Inyangette then filed an action against "Dept. of Motor Vehicle, Dist. of Columbia" in September 2024, alleging that the revocation of his license violated 42 U.S.C. § 1983. Compl., *Inyangette I*, No. 24-CV-2584 (D.D.C. Sep. 9, 2024), ECF No. 1. He sought the reinstatement of his driver's license and $1 million in damages. *Id.* at 4. The District subsequently moved to dismiss for failure to state a claim. Mot. to Dismiss, *Inyangette I*, No. 24-CV-2584 (D.D.C. Dec. 20, 2024), ECF No. 7. The court issued two *Fox*/*Neal* orders in which it directed Mr. Inyangette to file a brief in opposition to the District's motion and advised him of the consequences of failing to do so. Order, *Inyangette I*, No. 24-CV-2584 (Dec. 23, 2024), ECF No. 9; Order, *Inyangette I*, No. 24-CV-2584 (Mar. 25, 2025), ECF No. 10. Despite these orders, Mr. Inyangette did not respond to the District's motion to dismiss.

While the District's motion to dismiss Mr. Inyangette's first suit was pending, Mr. Inyangette filed this action against Mayor Bowser in her official capacity. ECF No. 1, at 2. He alleges that Mayor Bowser, as the "head of the administration for the District of Columbia," "enforces [the] administrative law" that permitted his license revocation and has violated the Due Process Clauses of the Fifth and Fourteenth Amendments. *Id.* at 7. He seeks a "stay of execution" to "stop the enforcement" of the purportedly unlawful administrative scheme, an order "instruct[ing] the administration" to provide pre-revocation hearings, and $10 million in damages. *Id.* at 5. Mayor Bowser filed a motion to dismiss, ECF No. 5, and the court issued a *Fox*/*Neal* order directing Mr. Inyangette to file a brief in opposition to the motion and advising him of the

3

consequences of failing to do so, ECF No. 6. Mr. Inyangette did not respond to the motion to dismiss.

In September 2025, the court granted the motion to dismiss Mr. Inyangette's case against the D.C. DMV. *Inyangette v. Dep't of Motor Vehicles, D.C.*, No. 24-CV-2584, 2025 WL 2718982 (D.D.C. Sep. 23, 2025) ("*Inyangette I*"). Although the D.C. DMV is *non sui juris*—that is, incapable of being sued—the court proceeded as if Mr. Inyangette had named the District as the defendant. *Id.* at *2. The court then held that Mr. Inyangette had failed to plausibly allege facts that established a procedural or substantive due process claim stemming from the revocation of his driver's license revocation. *Id.* at *3. With regard to procedural due process, the court determined that Mr. Inyangette had a property interest in his driver's license, but that the deprivation of that interest had not occurred without process. *Id.* at *3-4. As the court explained, notwithstanding Mr. Inyangette's acquittal in Maryland state court, District regulations permitted the DMV Director to revoke his license based on his refusal to submit to chemical testing at the time of his arrest. *Id.* at *4. The D.C. DMV informed Mr. Inyangette that he could "avoid revocation by enrolling in the Ignition Interlock Device Program, and the agency provided him with instructions on how to do so," but he failed to enroll. *Id.* With regard to substantive due process, the court reasoned that Mr. Inyangette had failed to allege any "grave unfairness" caused by the D.C. DMV or the District. *Id.* (quoting *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988)). The court also determined that even if Mr. Inyangette *had* plausibly alleged a constitutional violation, he had "failed to allege a municipal custom or practice," which is required to bring a constitutional claim against a municipality under 42 U.S.C. § 1983. *Id.* at *5.

## II.     LEGAL STANDARDS

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Thus, "the complaint must still 'present a claim on which the Court can grant relief'" in order to defeat a motion to dismiss under Rule 12(b)(6). *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (quoting *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013)).

## III.     DISCUSSION

In her motion to dismiss, Mayor Bowser advances three arguments: (1) that the Fifth Amendment, and not the Fourteenth Amendment, applies to the District and its agents;

(2) that Mr. Inyangette cannot recover from Mayor Bowser under 42 U.S.C. § 1983 because she was not involved in revoking his license and he does not allege supervisory liability; and (3) that Mr. Inyangette fails to plausibly allege a procedural due process claim. ECF No. 5-1, at 3-7. The court agrees with Mayor Bowser's argument concerning the Fourteenth Amendment and will dismiss Mr. Inyangette's claims arising under that amendment. As to the Fifth Amendment, the court concludes that Mr. Inyangette is barred by *Inyangette I* from relitigating any procedural or substantive due process challenges to the revocation of his license.

### A.   Mr. Inyangette Cannot Bring a Fourteenth Amendment Claim Against Mayor Bowser

Mr. Inyangette's complaint alleges violations of the Fifth and Fourteenth Amendments' Due Process Clauses. ECF No. 1, at 3. As Mayor Bowser notes, it is settled law that the Fourteenth Amendment does not apply to the District of Columbia. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Instead, the District is "subject to the [due process] requirement by virtue of the Fifth Amendment's guarantee[s]." *Women Prisoners of D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996); *Frederick Douglass Found., Inc. v. District of Columbia*, 82 F.4th 1122, 1147 (D.C. Cir. 2023). Accordingly, the court will dismiss Mr. Inyangette's Fourteenth Amendment claim and consider only his Fifth Amendment claim.

### B.   Mr. Inyangette Is Precluded from Raising a Fifth Amendment Claim

Section 1983 provides a cause of action against any "person who, under color of . . . State . . . or the District of Columbia [law]" deprives an individual of the "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A plaintiff bringing a Section 1983 action may sue a municipality like the District, which is considered a "person" under the statute. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *Atchinson v. District of*

*Columbia*, 73 F.3d 418, 423-24 (D.C. Cir. 1996); D.C. Code § 1-102 (establishing the District as an entity that can "sue and be sued" as a "municipal corporation"). When a plaintiff sues a government official in her official—and not personal—capacity, the action is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see Atchinson*, 73 F.3d at 424 (construing claims against a District police officer in his official capacity as "equivalent" to claims against the District); *Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344, at *1 (D.C. Cir. Oct. 1, 2010) ("Appellant's claims under . . . § 1983 against the Mayor of [D.C.] in his official capacity are treated as claims against the District . . . itself."). To state a claim against the District under Section 1983, the plaintiff must plead: (1) "a violation of his rights under the Constitution or federal law" and (2) "that the municipality's custom or policy caused the violation." *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004); *see Monell*, 436 U.S. at 694.

Mr. Inyangette has challenged the revocation of his driver's license by suing Mayor Bowser in her official capacity. ECF No. 1, at 2. The court will therefore treat the complaint as if it named the District as the defendant. *Atchinson*, 73 F.3d at 424; *Fenty*, 2010 WL 4340344, at *1.[3] Mr. Inyangette's Fifth Amendment claim targets the District's purported policy

---

[3] Mayor Bowser correctly asserts that Mr. Inyangette has failed to identify any "individual" actions she took that violated the Constitution. ECF No. 5-1, at 4; *see* ECF No. 1, at 7 (alleging that Mayor Bowser is liable as the "head of the [D.C.] administration" and thus "enforces" the challenged "administrative practice"). She is also correct that under Section 1983, a plaintiff cannot prevail on a *respondeat superior*, or vicarious liability, theory. *Atchinson*, 73 F.3d at 420. But Mr. Inyangette has alleged that the "government's *policy* or *custom* . . . inflicts [an] injury." *Id.* (alterations in original) (quoting *Monell*, 436 U.S. at 690-91); *see* ECF No. 1, at 5 (challenging "an administrative practice"). Additionally, he has effected service of process on the Attorney General for the District of Columbia, ECF No. 4, so the District has notice of this official-capacity suit, *see Graham*, 473 U.S. at 166. Accordingly, the court will consider Mr. Inyangette's suit

(*continued on next page*)

that "mandate[s]" him to "enroll in[] the [Ignition Interlock Device Program] after being found not guilty for the underl[y]ing DUI offense." ECF No. 1, at 7.  He asserts that the scheme is unconstitutional on two grounds: first, it does not allow for a pre-revocation hearing to challenge the Ignition Interlock Device Program requirement; and second, it permits the "indefinite revocation of driving privileges." *Id.* at 7-8.  As Mayor Bowser observes, Mr. Inyangette has alleged a procedural due process violation—challenging the lack of a pre-deprivation hearing. ECF No. 1, at 5; ECF No. 5, at 5 & n.1.  But the complaint could be read to raise a substantive due process claim as well—challenging the District's revocation as egregious or unfair.  Because the court has an obligation to liberally construe Mr. Inyangette's pleadings, *Haines*, 404 U.S. at 520, it considers both.

Mr. Inyangette's procedural and substantive due process claims must be dismissed because the doctrine of res judicata prevents him from relitigating the same claims this court resolved in his first lawsuit.  "Res judicata 'bars relitigation of claims or issues that were or could have been litigated in a prior action.'" *Alford v. Providence Hosp.*, 60 F. Supp. 3d 118, 124 (D.D.C. 2014) (quoting *Alaska Forest Ass'n v. Vilsack*, 883 F. Supp. 2d 136, 141 (D.D.C. 2012)).  It has "two distinct aspects—claim preclusion and issue preclusion (commonly known as collateral estoppel)—that apply in different circumstances and with different consequences to the litigants." *Id.* (quoting *Nader v. Democratic Nat'l Comm.*, 590 F. Supp. 2d 164, 168 (D.D.C. 2008)).  The

---

against Mayor Bowser as one challenging the District's policy of suspending an individual's license for failing to submit to chemical testing and declining to enroll in the Ignition Interlock Device Program.

former plainly applies here.[4] And, the court may consider claim preclusion *sua sponte* because "res judicata belongs to courts as well as to litigants." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997).

Claim preclusion "embodies the principle that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *Alford*, 60 F. Supp. 3d at 125 (quoting *SBC Commc'ns Inc. v. Fed. Commc'ns Comm'n*, 407 F.3d 1223,

---

[4] "Under the doctrine of issue preclusion, 'a prior judgment . . . foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Herrera v. Wyoming*, 587 U.S. 329, 342-43 (2019) (alteration in original) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). Giving preclusive effect to a previously litigated issue is warranted when three requirements are met: (1) "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case"; (2) "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case"; and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 301 (D.C. Cir. 2015) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)). The due process issue raised here was contested by the parties and submitted for judicial determination in Mr. Inyangette's first action, satisfying the first requirement. *Inyangette I*, 2025 WL 2718982, at *3-4. The second condition—whether the issue was actually and necessary determined by the first court—presents a closer question because this court ultimately dismissed Mr. Inyangette's first case on two grounds: (1) that Mr. Inyangette had failed to sufficiently allege a violation of procedural or substantive due process; *and* (2) that "[e]ven if [he] had alleged a predicate violation," he "failed to allege a municipal custom or practice" as required by Section 1983. *Id.* at *5. Courts are divided on whether a party may be precluded from relitigating one independently sufficient ground for a decision with alternative holdings. *See* Charles Alan Wright et al., *Federal Practice and Procedure* § 4421 (3d ed. 2025). One court in this district has granted preclusive effect to another court's alternative holdings. *NOW v. Operation Rescue*, 747 F. Supp. 760, 768 (D.D.C. 1990), *modified*, 816 F. Supp. 729 (D.D.C. 1993), *vacated in part sub nom.*, *Nat'l Org. for Women v. Operation Rescue*, 825 F. Supp. 1 (D.D.C. 1993), *aff'd in part & vacated in part on other grounds*, 37 F.3d 646 (D.C. Cir. 1994). Yet neither the D.C. Circuit nor Supreme Court has taken a position. *See Jewish War Veterans of the U.S. of Am., Inc. v. Gates*, 506 F. Supp 2d 30, 40 (D.D.C. 2007) (noting that the D.C. Circuit has raised but not "definitively resolv[ed] the issue"); *Herrera*, 587 U.S. at 348 n.5 (declining to address *sua sponte* "how preclusion principles would apply to the alternative judgment"); *cf. Jones v. Kirchner*, 835 F.3d 74, 84 n.8 (D.C. Cir. 2016) (clarifying that the court was *not* holding that "neither of two alternative bases for a holding can estop a party from re-litigating an issue in a future action"). Because claim preclusion clearly applies, the court declines to address the thornier question that issue preclusion presents.

1230 (D.C. Cir. 2005)). "The fact that the final judgment [in *Inyangette I*] was entered after the complaint was filed in this action is immaterial." *Role Models Am., Inc. v. Penmar Dev. Corp.*, 394 F. Supp. 2d 121, 129 (D.D.C. 2005). The doctrine "bars a subsequent lawsuit if there has been prior litigation '(1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Alford*, 60 F. Supp. 3d at 125 (quoting *Vilsack*, 883 F. Supp. 2d at 141-42). All four requirements are met here.

First, Mr. Inyangette's cases involve identical causes of action. "Suits involve the same claim (or 'cause of action') when they '"aris[e] from the same transaction,"' or involve a 'common nucleus of operative facts.'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (first quoting *United States v. Tohono O'odham Nation*, 563 U.S. 307, 316 (2011); then quoting Restatement (Second) of Judgments § 24, cmt. b (A.L.I. 1982)). Mr. Inyangette's first complaint challenged the legality of his license revocation, Compl. Attach. A, *Inyangette I*, No. 24-CV-2584 (D.D.C. Sep. 9, 2024), ECF No. 1-3, and the District argued that Mr. Inyangette had failed to state a procedural or substantive due process claim, Mot. to Dismiss 7-9, *Inyangette I*, No. 24-CV-2584 (D.D.C. Dec. 20, 2024), ECF No. 7. When the court dismissed that case, it therefore "underst[ood] Mr. Inyangette to be raising either a procedural or substantive due process claim" based on his allegations that he was "deprived of [his] driving privileges without a cause" and had "no remedy to dispute his license revocation or seek reinstatement." *Inyangette I*, 2025 WL 2718982, at *3 (internal quotation marks omitted). In this case, Mr. Inyangette challenges his license revocation on nearly identical grounds. ECF No. 1, at 7 (contesting the lack of "an[y] opportunity to request a hearing to make a claim on why entering a DUI program without a DUI conviction is justified along with an indefinite revocation

10

of driving privileges"). Critically, the two complaints stem from the same facts: Mr. Inyangette's arrest in Maryland, refusal to submit to chemical testing, failure to enroll in the District's Ignition Interlock Device Program, and the ensuing license revocation. *Id.* at 7-8; Compl. Attach. A, *Inyangette I*, No. 24-CV-2584 (D.D.C. Sep. 9, 2024), ECF No. 1-3. "It is clear beyond cavil" that Mr. Inyangette's cases "turn on the same series of events that [this] court already considered in [*Inyangette I*]." *Alford*, 60 F. Supp. 3d at 126.

To the extent that there is any difference between the relief sought in the two actions—in the first case, Mr. Inyangette requested the restoration of his driving privileges and $1 million in damages, Compl. at 4, *Inyangette I*, No. 24-CV-2485 (D.D.C. Sep. 9, 2024), ECF No. 1, whereas here he seeks a "stay" of the "administrative practice" that led to his license revocation, the establishment of a "system" with pre-deprivation hearings, and $10 million in damages, ECF No. 1, at 5—claim preclusion applies with equal force. "[R]es judicata prevents parties from 'relitigating in a separate proceeding any ground for relief which they already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity.'" *Alford*, 60 F. Supp. 3d at 124 (alteration in original) (quoting *Brown v. Mabus*, 892 F. Supp. 2d 115, 118 (D.D.C. 2012)). Mr. Inyangette "cannot escape" claim preclusion "by raising a different legal theory or seeking a different remedy in [his] new action that was available to him in the prior [one]." *Naegele v. Albers*, 110 F. Supp. 3d 126, 143 (D.D.C. 2015).

On the second factor, the parties to both suits are the same or in privity. "A party in a subsequent lawsuit is in privity with a party in a prior suit if the subsequent party's 'interests [were] represented' by the prior party." *Hale v. Collis*, No. 21-CV-1469, 2022 WL 3016747, at *5 (D.D.C. July 29, 2022) (quoting *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329 n.19 (1955)). "[L]itigation involving the government is generally binding with respect to governmental

11

officials who are sued in their official capacities in later actions." *Tunica-Biloxi Tribe of La. v. United States*, 577 F. Supp. 2d 382, 416 (D.D.C. 2008) (quoting *Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987)).  Accordingly, "[t]he government, its officers, and its agencies are regarded as being in privity for [claim-preclusive] purposes." *Jeson v. Huerta*, 828 F. Supp. 2d 174, 181 (D.D.C. 2011) (second alteration in original) (quoting *Estevez v. Nabers*, 219 F.2d 321, 323 (5th Cir. 1955)).

      Mr. Inyangette is the plaintiff in his two actions.  As for the defendants, Mr. Inyangette sued the D.C. DMV in his first case, but because the DMV is *non sui juris*, the court "proceed[ed] as if [he] had named the District of Columbia" instead.  *Inyangette I*, 2025 WL 2718982, at *2. Here, because Mr. Inyangette has sued Mayor Bowser in her official capacity, ECF No. 1, at 2, the court treats his claims as made "against the District . . . itself." *Johnson*, 2010 WL 4340344, at *1. The defendants across both cases are therefore legally identical notwithstanding the distinct case captions.  In any event, because D.C. DMV is an agency within the District government and Mayor Bower is an officer of that same entity, the defendants in Mr. Inyangette's two cases are in privity for preclusion purposes.  *Jenson*, 828 F. Supp. 2d at 181.  Moreover, the D.C. Attorney General represented the D.C. DMV in the first case, *see* Mot. to Dismiss at 9, *Inyangette I*, 24-CV-2584 (D.D.C. Dec. 20, 2024), ECF No. 7, just as it represents Mayor Bowser here, ECF No. 5, at 2.  When the District defended its actions in Mr. Inyangette's first case, it "was surely defending the interests of its [mayor] who [oversees the D.C. DMV]." *Hale*, 2022 WL 3016747, at *5.

      Finally, the two remaining claim preclusion requirements are easily satisfied.  The court's dismissal of the first action was a final judgment on the merits.  Order, *Inyangette I*, No. 24-CV-2584 (D.D.C. Sep. 23, 2025), ECF No. 12.  And, this court is one of competent

jurisdiction to issue such a judgment. *Alford*, 60 F. Supp. 3d at 126 ("[T]he federal district court is one of competent jurisdiction . . . .").

Although the four prerequisites for claim preclusion are met, the court is mindful that the defendants did not object to Mr. Inyangette's decision to split his claims across two cases. "Short of express or apparent consent, the circumstances may justify reliance on a concept of waiver or acquiescence to excuse splitting a claim." Charles Alan Wright et al., *Federal Practice and Procedure* § 4404 (3d ed. 2025); *see N.Y. Shipping Ass'n, Inc. v. Fed. Mar. Comm'n*, 854 F.2d 1338, 1352 (D.C. Cir. 1988) ("[A] defense of preclusion, for example, may be waived."); Restatement (Second) of Judgments § 26, cmt. a ("The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim."). Still, because "res judicata belongs to courts as well as to litigants, even a *party's* forfeiture of the right to assert it . . . does not destroy a *court's* ability to consider the issue." *SBC Commc'ns Inc.*, 407 F.3d at 1230 (quoting *Stanton*, 127 F.32d at 77); *see Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised." (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting))).

Notwithstanding Mayor Bowser's failure to raise res judicata in this case after the court decided *Inyangette I*, the court finds it warranted to consider claim preclusion *sua sponte*. The doctrine "prevent[s] 'litigation of matters that *should have been* raised in an earlier suit,'" *SBC Commc'ns*, 407 F.3d at 1230 (quoting *Marrese, v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 n.1 (1985)), like those Mr. Inyangette should have raised in his first case. Additionally, "[t]his result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the

avoidance of unnecessary judicial waste" in deciding questions that the court previously resolved. *Arizona*, 530 U.S. at 412. The court's earlier expenditure of "judicial resources" to resolve Mr. Inyangette's identical due process allegations is the "special circumstance" that favors raising res judicata *sua sponte* and dismissing the Fifth Amendment claim. *Id.* at 412-13.

## IV.     CONCLUSION

For the foregoing reasons, the court will grant Mayor Bowser's Motion to Dismiss, ECF No. 5, as it concerns Mr. Inyangette's Fourteenth Amendment claim, and dismiss the Fifth Amendment claim as precluded by *Inyangette I*. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   January 7, 2026